IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:09-CR-169 |
| ) | |
| AARON JERMAINE ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion for a New Trial Pursuant to Fed. R. Crim. P. 33, filed by Defendant Aaron Robinson on December 8, 2009. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Defendant, Aaron Jermaine Robinson ("Robinson"), was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. section 922(g)(1). A jury trial was held in November 2009. On November 24, 2009, a jury verdict was returned against Robinson, finding him guilty of Count 1 of the indictment.

Robinson filed the instant motion on December 8, 2009, 14 days following the jury verdict. The Government filed its response

brief on December 22, 2009. The Defendant opted not to file a reply. On January 28, 2010, this Court ordered additional briefing on the timeliness of the instant motion. The Defendant filed a brief on the issue of timeliness on February 2, 2010. The Government filed a brief on the issue of timeliness on February 3, 2010. Thus, the instant motion is now fully briefed and ripe for adjudication.

DISCUSSION

Timeliness

At the time of Robinson's conviction, on November 24, 2009, Federal Rule of Criminal Procedure 33 provided that a motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty. The instant motion was not filed within 7 days after the verdict: it was filed 14 days after the verdict. Nonetheless, the Defendant contends that the instant motion is timely because, effective December 1, 2009, Rule 33 of the Federal Rules of Criminal Procedure has been amended to expand the previous deadline for filing a motion for new trial from 7 days to 14 days, and the enabling act accompanying the amendment provides that the amendment shall "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Relying on *United States v. Bowler*, 252 F.3d 741, 746 (5th Cir. 2001), the

2

Defendant contends that at the time the amendment took effect, this "proceeding" was "then pending" and that applying the amendment is just and practicable, rendering the motion timely.

The Government agrees with the Defendant that application of the amended version of Rule 33 is appropriate here, and further urges this court to treat the instant motion as timely. Furthermore, in the event this Court finds that the instant motion is not timely, the Government urges the Court to offer an alternative ruling on the merits in addition to denying the motion as untimely. At the time *Bowler* was decided, the Court in *Bowler*, like the Seventh Circuit, believed that a court does not have jurisdiction to hear an untimely motion for a new trial, because Rule 33's time requirements were considered jurisdictional. However, in 2005 the Supreme Court held that Rule 33 is not a rule governing subject-matter jurisdiction but rather an inflexible claim-processing rule. *Eberhart v. U.S.,* 546 U.S. 12 (2005). As such, objections based on Rule 33's time limits can be waived if not timely asserted. *Id.*

It appears to this Court that the Defendant's counsel dropped the ball. It was imprudent to rely on this Court's finding that application of a rule that did not take effect until 7 days after the verdict was entered against the Defendant is applicable. This Court finds it hard to believe that the current attempt to argue that the instant motion is timely is anything other than an after-

the-fact effort to patch up a botched deadline. Nonetheless, *Bowler* does indeed interpret the phrase "proceedings then pending" as a reference to "cases" pending after the effective date. *Bowler,* 252 F.3d at 745. And, Robinson's "case" clearly remains pending. Indeed, he has not yet been sentenced. Accordingly, if "just and practicable" the amendment to Rule 33 can be applied here. This Court tends to believe that it is equally just and practicable to deny the instant motion as untimely as to permit it to proceed to the merits. Nonetheless, both Defendant and the Government urge a ruling on the merits, and there is no significant harm to any party by proceeding on the merits. Accordingly, this Court finds that application of the amendment to Rule 33 extending the deadline to file a motion for a new trial from 7 to 14 days is just and practicable; and in the alternative, that the Government has waived any objection based on timeliness. Accordingly, this Court proceeds to the merits.

Rule 33

Federal Rule of Criminal Procedure 33 provides, in relevant part, that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994). A

district court may "weigh evidence, evaluate credibility, and grant the motion if the substantial rights of the defendant have been jeopardized."  *United States v. Eberhart*, 388 F.3d 1043, 1052 (7th Cir. 2004) (citation omitted), *vacated on other grounds*, 546 U.S. 12 (2005).  A district court is not required to view the evidence in a light most favorable to the Government, but rather must independently consider the evidence presented.  *Id.*

The Defendant argues that the interests of justice require a new trial for two reasons: (1) this Court improperly prevented the defense from rehabilitating its expert witness, and (2) this Court refused to give the defense's theory of defense instruction.  Each argument will be examined in turn.

Limitations on Rehabilitating the Defense's Expert Witness

The defense offered the testimony of only one witness: John Nixon ("Nixon"), a firearms expert.  Both the examination and the cross-examination of Nixon were painstakingly long and repetitious. During the cross-examination, the Government explored with Nixon the substantial differences between the Remington rifle at issue in this case and the popular Daisy Red Rider BB gun.  On redirect examination, defense counsel began re-plowing material that had already been plowed.  The following exchange occurred:

> THE COURT: Counsel, are we going to go through all of these statistics again?
>
> MR. MARTIN: Just a few, Your Honor.

5

THE COURT: This has been plowed and plowed and plowed. Let's move on.

MR. MARTIN: It has not been plowed from the Defense perspective.

THE COURT: No. Enough. I've been very patient to both sides on this. We spent a good portion of today going over these numbers, and I just sat back and let both sides go into it. There's not going to be any end, Mr. Martin.

MR. MARTIN: Your Honor, Mr. Lanter was up here for almost an hour.

THE COURT: And before that you were there for over an hour.

MR. MARTIN: No. I was here for half hour. From 1:30 to –

THE COURT: Let's move on, Mr. Martin.

MR. MARTIN: Your Honor, I just have a couple of questions.

THE COURT: Let's move on, Mr. Martin:

MR. MARTIN: Your Honor, may we approach?

THE COURT: You may.

(Bench conference.)

MR. MARTIN: The Government went for probably about a half hour longer than the Defense. I just wanted to ask about four or five questions and their comparisons. For the record, I need to put on here that if the Court is cutting off my cross-examination, Mr. Lanter went on ad nauseam with this witness trying to make this witness look bad, and it is, in fact, my job to rehabilitate this witness, and I am being prevented from doing it because the Court wants me to move along. And I will respect the Court's –

THE COURT: I am exercising my discretion. I

>           am.  I'm cutting it off for both sides.  I
>           don't want you going back into it either.
>
>      MR. LANTER: Yes, Your Honor.

(Trial Transcript at 264-266).

The defense now argues that the interest of justice require a new trial because this Court improperly prevented the defense from rehabilitating Nixon. Indeed, "[o]nce a witness's credibility has been attacked... the non-attacking party is permitted to admit evidence to 'rehabilitate' the witness." *Untied States v. Lindemann*, 85 F.3d 1232, 1242 (7th Cir. 1996). However, Federal Rule of Evidence 611(a) provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid the needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). That is what this Court did here.

The defense elicited evidence at trial that some bb guns weigh more, are visually similar to the firearm at issue, and are longer than the firearm at issue. Pages of Gun Digest were admitted that showed the weight, length, description, name and cost of many air guns. The evidence concerning differences and similarities of a Remington 30-06 caliber rifle, BB guns and air rifles on the market today were sufficiently covered in the evidence. After reviewing the trial transcript, this Court remains convinced that it was

within this Court's discretion to limit the examination of Nixon on redirect because the questions being asked sought to elicit evidence which was duplicative and would have resulted in a needless consumption of time. Accordingly, this Court finds that a new trial is not warranted on the basis of this Court's exercise of discretion limiting the exploration of further comparisons between the Remington .30 caliber rifle and BB guns or air rifles on the market today.

<u>Court's Refusal to Give Defense's Theory of Defense Instruction as Tendered</u>

"[T]o warrant a specific theory of defense instruction, the defendant must demonstrate (1) the instruction is a correct statement of the law; (2) the evidence in the case supports the theory of defense; (3) the theory is not already part of the charge; and (4) the failure to provide the instruction would deny the defendant a fair trial." *United States v. Choiniere*, 517 F.3d 967, 970 (7th Cir. 2008).

At the close of the jury instruction conference, the defense requested that the following theory of defense jury instruction be given:

> In order to prove that the Defendant knowingly possessed a firearm, the government must prove beyond a reasonable doubt that the Defendant knew that the object he is charged with unlawfully possession was in fact a firearm.
> A bb gun or an air rifle is not a firearm.

8

This Court initial expressed displeasure at the timing of the Defense's decision to tender the instruction.  Normally such an instruction would be tendered before this Court conducts its final jury instruction conference, under seal if the defense does not want the Government to see its theory of defense before the end of the evidence.  This Court also expressed displeasure at the manner in which the instruction was tendered: it was not typewritten but handwritten.  These shortcomings aside, this Court considered the tendered instruction, and agreed to give the last portion of the instruction, but found the remainder of the instruction to be duplicative of instructions already to be given.  The Court gave the portion of the tendered instruction that reads "A bb gun or an air rifle is not a firearm" as a part of the Court's instruction number 18, an instruction defining "firearm."  The Court found the remainder of the instruction to be already covered by this Court's instructions numbered 17 and 21, which set forth the elements of the offense (including that the defendant must have "knowingly possessed a firearm"), and defined "knowingly" in accordance with the Seventh Circuit's pattern instructions.

The Defendant now argues that this Court failed to define "knowingly" in a manner tailored to the facts of this case.  This Court respectfully disagrees.  Furthermore, this Court pointed out to the defense that they were welcome to argue their theory in

9

closing argument, and they did so.

Because this Court finds that the defense' theory of the case instruction was already sufficiently covered by other instructions and this Court's refusal to provide the instruction in full did not deny the Defendant a fair trial, this Court's failure to give the theory of the case instruction as tendered by the defense does not necessitate a new trial.

CONCLUSION

For the reasons set forth above, the Motion for a New Trial Pursuant to Fed. R. Crim. P. 33 is **DENIED**.

**DATED: February 18, 2010**           **/s/RUDY LOZANO, Judge**
                                                **United States District Court**